UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOTERA WIRELESS; HON HAI PRECISION INDUSTRY CO., LTD.,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv1100-BAS (NLS)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 2**<br><br>**[ECF No. 65]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2, wherein Plaintiff Masimo Corporation ("Masimo") seeks to compel Defendant Sotera Wireless Inc. ("Sotera") to respond to several requests for production. ECF No. 65. After due consideration and for the reasons discussed below, the Court **DENIES** the motion to compel.

**I.    BACKGROUND**

In its complaint, Masimo alleges that Sotera is infringing nine of its patents with its ViSi Mobile Monitoring System. ECF No. 52. On May 12, 2020, Masimo served Sotera with its Second Set of Requests for Production Nos. 47-190. ECF No. 65-3, Ex. C. The requests defined "Document" to include "all original documents or electronically stored information." *Id.* at ¶ 5. "Non-custodial documents" were defined to include

"electronically stored documents not solely stored by individuals uniquely on their own computers" and expressly excluded emails. *Id.* at ¶ 6.  Sotera responded to the requests on June 11, 2020, objecting and refusing to produce documents in response to requests 48-190, with the general objection that each request was "unduly burdensome and contrary to the ESI Order." *See, e.g.*, ECF No. 65-1 at 1.  Subsequently, the parties filed the instant dispute.

## II. DISCUSSION

At issue in this motion are Masimo's Requests for Production Nos. 48-190.  A dispute regarding the scope of the ESI Order applies to all of these requests, and the parties put forth separate further arguments as to requests 181 and 183.  The Court will address each of these issues in turn.

### A. Scope of ESI Order

On November 22, 2019, the parties filed a Joint Motion for an Order Governing Discovery of Electronically Stored Information.  ECF No. 36.  The Court granted the motion, adopting the parties' joint submission ("ESI order").  ECF No. 39.  The ESI order expressly stated that it "supplements all other discovery rules and orders" and "streamlines Electronically Stored Information ('ESI') production to promote a 'just, speedy, and inexpensive determination' of this action, as required by Federal Rule of Civil Procedure 1." *Id.* at ¶ 1.  The order also stated that:

> "The Court will consider contested requests for additional custodians per producing party, or requests for searches of servers, databases or other systems not maintained by a single person, upon showing of good cause and distinct need based on the size, complexity, and issues of this specific case."

*Id.* at ¶ 7.

The dispute here centers around the interplay between the ESI Order and production of electronic documents in response to general requests for production. Masimo argues that it propounded legitimate requests for documents and responsive documents may include non-custodial documents that are stored electronically.  For these documents, Masimo's position is that Sotera is under an obligation to produce them, in

spite of the ESI Order. Sotera's position is that the ESI Order should govern production of all documents that are stored electronically.

As a threshold issue, the parties disagree as to whether this dispute has been timely filed. Sotera argues that Masimo's Second Set of Requests for Production is largely repetitive of its first set (served on December 11, 2019 and responded to on January 10, 2020) in seeking the same documents and was an attempt to avoid the Court's 45 day rule for bringing discovery disputes. ECF No. 65 at 18-19. Specifically, Sotera argues that it objected to the first set of requests that sought electronically stored information with the general objection that Sotera would "not produce electronically stored information in response to any request included herein that attempts to circumvent the limitations of the ESI Order" and objected to individual requests with the objection that it would "not produce electronically stored information outside the provisions of the ESI Order." ECF NO. 65-3, Ex. B, at 27, 30. Sotera asserted this same objection with Masimo's second set. Sotera argues that this issue should have been clear to Masimo during the meet and confers following the first set, and thus, Masimo is several months late in raising the issue. The Court agrees with Sotera—Masimo may not use a new set of requests for production to raise an issue that should have been raised with a prior set to "reset" the clock. The issue with the scope of the ESI should have been clear with the first set. However, in its discretion, the Court will address the substance of this dispute because this is a pervasive issue that affects many document requests and both parties could benefit from clarity from the Court on the interplay between the ESI order and general document requests.

Masimo cites to the Court's discovery order interpreting a similar ESI order in a previous patent lawsuit to support its position that Sotera may not avoid producing electronically stored documents that are responsive to its requests for production based on the ESI Order. This prior order stated in relevant part:

> "Before addressing the relevance of the requested documents below, the Court agrees with Samsung that the ESI Order is not a bar to the production

of specific relevant, responsive documents. The Court does not interpret the ESI Order as requiring separate ESI requests for all documents that are or might be maintained electronically. Additionally, if documents are relevant, responsive to proper discovery requests, and specifically identified such that search terms by custodian are unnecessary, Largan cannot avoid the production of such documents by using the ESI Order as a shield."

*Largan Precision Co., Ltd. v. Samsung Electronics Co., Ltd. et al.*, Case No. 13cv2740-CAB (NLS), ECF No. 138 at 12.

The Court agrees with its prior statement that the ESI order cannot be used as a shield to avoid production of relevant and responsive documents. However, the scope of the *Largan* order is not as broad and far-reaching as Masimo suggests. Sotera's point is well taken that under Masimo's interpretation, a party would be responsible for producing documents responsive to requests for production (even if in electronic form), producing custodial documents and emails under the ESI order, and producing non-custodial documents under the ESI order if good cause and distinct need can be shown. *See* ECF No. 65 at 15. If this were correct, then the ESI order would not streamline the discovery process—it would instead add additional searches that a party would have to run on electronic documents on top of its usual discovery obligations under the Federal Rules.

Rather, the Court sees the ESI order as working in conjunction with the Federal Rules to facilitate and streamline discovery. So while the ESI order cannot be used as a shield to avoid production, it also does not serve as the sole means for a party to use to discover relevant documents. However, for non-custodial documents, the ESI order explicitly provides a mechanism for the Court to first determine whether the party should get this type of ESI—it states that such ESI can be requested "upon showing of good cause and distinct need based on the size, complexity, and issues of this specific case." Thus, Masimo must make this kind of showing for the non-custodial documents it seeks.

Masimo contends that, even if required to show good cause and distinct need, it has sufficiently made this showing. ECF No. 65 at 10-11. Masimo argues that the case is

complex, involving a large number of asserted claims, damages theories, issues of willfulness, and many affirmative defenses asserted by Sotera. *Id.* at 10. While the Court appreciates this is a complex patent case, the burden imposed by the 143 requests for production also cannot be ignored. The requests at issue here are not the type encountered in *Largan*—those were certain specific documents referenced by deponents in depositions. *See Largan Precision Co., Ltd. v. Samsung Electronics Co., Ltd. et al.*, Case No. 13cv2740-CAB (NLS), ECF No. 138 at 12-15. The Court noted that those documents were "specifically identified such that search terms by custodian are unnecessary." *Id.* at 12. In contrast, the documents sought in the many requests here are much broader[1] and not sufficiently targeted and narrow such that there is good cause and distinct cause to produce them under the ESI Order.

Thus, the Court **DENIES** the motion to compel Sotera to produce non-custodial electronic documents responsive to these requests for production.[2]

### B. Request for Production No. 181

Request for Production No. 181 seeks the following documents:

> Non-custodial documents in your possession, custody, or control that were drafted, revised, reviewed, approved, or signed by any former or current employee of Foxconn.

ECF No. 65-1 at 171. Masimo seeks these documents in order to show the extent of Foxconn's involvement in Sotera's day-to-day business in order to help establish its allegations of Foxconn's vicarious liability for Sotera. ECF No. 65 at 19. Sotera argues that this request is overly broad because its definition of Foxconn is too broad and vague,

---

[1] For example, RFPs 48-52 all request "documents relating to the research and development" of various features of the accused products. As another example, requests 53-56 seek documents related to suppliers of any component of the accused products.

[2] Masimo may seek narrower and more targeted requests to obtain these documents under the ESI order upon a showing of good cause and distinct need. Any such future requests should be supported with explanations of why documents were not obtained under custodial searches and why non-custodial searches are therefore required.

and places too much burden on Sotera to determine which individual employees, past and present, would be covered by the request. *Id.* at 20.

The Court agrees with Sotera. This request is too broad as written. If Masimo is seeking only to determine Foxconn's involvement with Sotera's day-to-day business, it can use other discovery requests or methods to seek this information in a manner that is more specific and targeted. Accordingly, the request to compel this request for production is **DENIED**.

### C.     Request for Production No. 183

Request for Production No. 183 seeks the following documents:

> Non-custodial documents constituting patient measurements collected by You or anyone acting on Your behalf for the purpose of developing or testing product or service improvements.

ECF No. 65-1 at 172. Masimo argues these documents are relevant because it has accused Foxconn of direct infringement by using the accused product to collect this patient data and such data is relevant to determining the inner workings of the accused product. ECF No. 65 at 18. Sotera counters that Masimo has not sufficiently explained what this data would provide on top of what Masimo already has—for example, Software Design Specifications—and also that the data itself is not needed to show that Sotera collects the information in the first place. *Id.* Sotera argues that production is unwarranted when weighed against the confidentiality and privacy issues since the data includes actual patient information. *Id.*

The Court agrees with Sotera. Masimo has not sufficiently explained what added value is provided in the actual patient data itself. Accordingly, the request to compel this request for production is **DENIED**.

//
//
//
//

### III. CONCLUSION

For the reasons stated above, Masimo's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 24, 2020

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge