Joseph R. Re (SBN 134,479)
joseph.re@knobbe.com
Stephen C. Jensen (SBN 149,894)
steve.jensen@knobbe.com
Irfan A. Lateef (SBN 204,004)
irfan.lateef@knobbe.com
Brian C. Claassen (SBN 253,627)
brian.claassen@knobbe.com
Baraa Kahf (SBN 261,144)
baraa.kahf@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**MASIMO CORPORATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOTERA WIRELESS, INC., a California corporation,<br><br>HON HAI PRECISION INDUSTRY CO., LTD., a Taiwan corporation,<br><br>Defendants. | Case No. 3:19-cv-01100-BAS-NLS<br><br>**MASIMO CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**<br><br>Hearing Date:  December 14, 2020<br><br>Hon. Cynthia A. Bashant |

Plaintiff Masimo Corporation ("Masimo") respectfully requests that the Court sign and affix its seal to the proposed letter rogatory attached hereto and return the letter with original signatures and seals to Masimo's counsel, at the address appearing below, for transmittal to the appropriate judicial authority of Taiwan.

> Baraa Kahf
>
> Knobbe, Martens, Olson & Bear, LLP
>
> 2040 Main St., 14th Fl.
>
> Irvine, CA 92614

## I. INTRODUCTION

Masimo seeks issuance of the attached letter rogatory for assistance in obtaining deposition testimony from Francis Chen. Mr. Chen has been the CEO of Defendant Sotera Wireless, Inc. ("Sotera") for most of the pendency of this lawsuit. Specifically, Mr. Chen was Sotera's CEO from June 2017 until mid-2020, when Devin McCombie became CEO in July 2020; (Dkt. 33-1 at 40, 76; Ex. 1 at 2; Ex. 6; Kahf Decl. ¶ 5.) Mr. Chen previously held positions at Defendant Hon Hai Precision Industry Co. Ltd. ("Hon Hai" or "Foxconn") as "Chief Investment Officer, Healthcare Business Group" and as "Manager, Corporate HQ Strategic Investments," both at "Foxconn Technology Group (Hon Hai Precision)." (Dkt. 33-1 at 76-77.) Hon Hai and its founder appointed Mr. Chen to lead Sotera after Hon Hai had taken over control of Sotera as it emerged from bankruptcy. (Dkt. 32-1 ¶ 6.) While CEO of Sotera, Mr. Chen continued to hold a C-suite role at Hon Hai, as its "Chief Investment Officer, Healthcare Business Group." (Dkt. 33-1 at 76-77.) Mr. Chen also continued to reside in Taipei, Taiwan. (Dkt. 32-1 ¶ 12.)

In Sotera's original initial disclosures served in this case on December 18, 2019, Sotera identified Mr. Chen as its Chief Executive Officer. (Ex. 1 at 2.) Sotera also represented in those original initial disclosures that Mr. Chen likely

has knowledge of the accused ViSi® Mobile Monitoring System, including its sales and marketing, and of the general business operations and organization of Sotera. (*Id.*)  Masimo filed this patent infringement case in June 2019 against Sotera and Hon Hai alleging that their ViSi® Mobile Monitoring System infringe U.S. Patent Nos. 9,788,735; 9,795,300; 9,872,623; 10,213,108; and 10,255,994; and U.S. Reissue Patent Nos. RE47,218; RE47,244; RE47,249; and RE47,353. The ViSi® Mobile Monitoring System is a platform for patient vital signs monitoring, including pulse oximetry, pulse rate, and respiration rate.

In addition, Mr. Chen has information regarding Hon Hai's control of Sotera.  This information is particularly relevant because Masimo has alleged that Hon Hai infringed the patents-in-suit, in part, through vicarious liability. Specifically, Mr. Chen himself previously represented that Hon Hai controls Sotera.

On July 23, 2020, Masimo noticed Mr. Chen's deposition for August 18, 2020. (Ex. 2.) On the date noticed for Mr. Chen's deposition, Sotera served amended initial disclosures that remove mention of Mr. Chen. (Ex. 3.) Two days later, Sotera informed Masimo that Mr. Chen was no longer employed by Sotera, that Mr. Chen was no longer on Sotera's Board of Directors, and that Sotera would not produce Mr. Chen for his noticed deposition. (Ex. 4.) Sotera's and Hon Hai's counsel confirmed that neither represents Mr. Chen. (Ex. 5.)

Masimo unsuccessfully attempted to obtain Mr. Chen's voluntary deposition before filing this unopposed motion. Masimo understands that Mr. Chen resides in Taiwan. Masimo's Taiwan counsel spoke with Francis Chen over the phone on September 2, 2020, and asked if Masimo could take his deposition in this case. (Kahf Decl. ¶ 3.) Mr. Chen responded that he needed time to gather information. Masimo followed up with Mr. Chen multiple times, both by phone and email, but Mr. Chen did not respond. (*Id.*)  Sotera and Hon Hai informed Masimo that they did not have an address for Mr. Chen.  (*Id.* ¶ 4.)

Through further investigation, Masimo recently obtained Mr. Chen's address for the letter rogatory. (*Id.*)

## II. LEGAL STANDARD

A letter rogatory (also known as a "letter of request") is a formal written request sent by a Court in which an action is pending, addressed to a foreign Court to perform some judicial act. 22 C.F.R. § 92.54. All United States Courts have inherent authority to issue letters rogatory. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Section 1781 of Title 28 also implicitly provides federal courts with the authority to issue letters rogatory. 28 U.S.C. § 1781(a)(2).

A motion for a letter rogatory is an appropriate mechanism to obtain discovery in a foreign country. *See Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2013 WL 812331, at *1–2 (N.D. Cal. Mar. 5, 2013) (granting motion to sign and affix seal to proposed letters rogatory to be sent to the Netherlands).

Whether to issue a letter rogatory is a matter of discretion for the Court. *United States v. Sedaghaty*, 728 F.3d 885, 917 (9th Cir. 2013). In exercising its discretion, the Court must consider the scope of discovery provided for by the Federal Rules of Civil Procedure, which extends to any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Barnes & Noble*, 2013 WL 812331 at *2; Fed. R. Civ. P. 26(b)(1).

The burden is on any opposing party to show good reason for a Court to deny an application for a letter rogatory. *Evanston Ins. Co. v. OEA, Inc.*, No. CIVS-021505DFLPAN, 2006 WL 1652315 *2 (E.D. Cal. June 13, 2006) ("Being aware of no Ninth Circuit precedent on the question, this Court will apply the rule that letters of rogatory shall issue unless good cause is shown otherwise."). Here, no party opposes the application.

/ / /

/ / /

## III.  ARGUMENT

It is appropriate and necessary for this Court to request the assistance of the appropriate judicial authority of Taiwan in obtaining Mr. Chen's deposition. As Defendant Sotera's CEO from June 2017 until recently, Mr. Chen is very likely to have discoverable information that is relevant to Sotera's and Hon Hai's involvement in this dispute. (Ex. 1 at 2.) Indeed, Sotera asserts that he likely has knowledge of the accused ViSi® Mobile Monitoring System, its sales and marketing, and of the general business operations and organization of Sotera. (*Id.*) But Sotera will not produce Mr. Chen for his noticed deposition, stating he is no longer employed by Sotera, and no longer on Sotera's Board of Directors. (Ex. 4.) Masimo's attempts to obtain Mr. Chen's voluntary testimony have been unsuccessful. (Kahf Decl. ¶ 3.) Both Defendants in this case, Sotera and Hon Hai, have stated that they do not oppose this Motion. (*Id.* ¶ 2.)

To satisfy any confidentiality concerns, the proposed letter rogatory attached hereto references the Protective Order in this case.

Fact discovery in this case is due to close on February 12, 2021. (Dkt. 84 at 3.) Given the time it takes for international discovery to proceed through national and international channels and authorities, Masimo respectfully requests expedited review by this Court. Masimo has concurrently submitted a proposed letter rogatory and has lodged two original copies of the letter for the Court's convenience.

## IV.  CONCLUSION

For the foregoing reasons, Masimo requests that this Court grant the instant unopposed motion, execute and affix its seal to the attached letter rogatory, and provide an original of the executed letter rogatory to the undersigned counsel for transmittal by Masimo to the appropriate judicial authority of Taiwan.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 9, 2020

By: /s/ *Baraa Kahf*
    Joseph R. Re
    Stephen C. Jensen
    Irfan A. Lateef
    Brian C. Claassen
    Baraa Kahf

Attorneys for Plaintiff
MASIMO CORPORATION

33402447