UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>                          Plaintiff,<br><br>v.<br><br>SOTERA WIRELESS; HON HAI PRECISION INDUSTRY CO., LTD.,<br><br>                        Defendants. | Case No.: 19cv1100-BAS (NLS)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 3**<br><br>**[ECF No. 85]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 3, wherein Plaintiff Masimo Corporation ("Masimo") seeks to compel Defendant Sotera Wireless Inc. ("Sotera") to produce emails of its former CEO Francis Chen ("Mr. Chen"). ECF No. 85. After due consideration and for the reasons discussed below, the Court **GRANTS** the motion to compel.

**I.     BACKGROUND**

In its complaint, Masimo alleges that Sotera is infringing nine of its patents with its ViSi Mobile Monitoring System. ECF No. 52. Masimo also alleges that Sotera is Defendant Hon Hai Precision Industry Co.'s ("Foxconn") alter ego because the two share a unity of interest and ownership. *Id.* at ¶¶ 20-23. Masimo alleges that Foxconn and Sotera commingle their employees, including Mr. Chen, whose emails are the subject of

this dispute. *Id.* at ¶¶ 24-36. Further, Masimo alleges that Sotera is an agent of Foxconn and Foxconn has control over the day to day operations of Sotera. *Id.* at ¶¶ 38-52.

The discovery at issue in this motion is a request in Masimo's first set of email requests, propounded on July 23, 2020, seeking Mr. Chen's emails. Specifically, the request was propounded under the parties' agreed upon Order Governing Discovery of Electronically Stored Information ("ESI Order") (ECF No. 39). The request asks for:

> **Masimo's ESI Request.** CUSTODIAN: Francis Chen; SEARCH TERMS: 1. Masimo!; 2. "Hon Hai" OR HonHai OR Foxconn; 3. Patent!; 4. (alarm limit!) OR (alarm threshold); 5. "Terry Guo" OR "T. Guo" OR "Guo, Terry"; TIMEFRAME: 2013-present.

ECF No. 85 at 7. The parties provide the following hit counts for these initial search terms:[1]

| Search Term | Unique Emails | Unique Emails with Families |
|---|---|---|
| Masimo* | 1,161 | 1,896 |
| "Hon Hai" OR HonHai OR Foxconn | 3,253 | 5,096 |
| Patent* AND [full patent numbers] | < 155 | 155 |
| "alarm limit" OR "alarm threshold" | 140 | 488 |
| "Terry Guo" OR "T. Guo" OR "Guo, Terry" | 9 | 27 |
| TOTAL | <4,718 | 7,662 |

ECF No. 85 at 3. The search term that is in dispute between the parties is the second term, "Hon Hai" OR HonHai OR Foxconn. For this term, Sotera informed Masimo that "Hon Hai" OR HonHai yielded 37 unique emails (67 with families) and Foxconn yielded

---

[1] Masimo agreed to further limit the Patent* search term during meet and confers.

the remaining 3,343 unique emails (5,231 with families).

## II. DISCUSSION

The dispute between the parties centers on the "Hon Hai" OR HonHai OR Foxconn search term—specifically, the inclusion of the Foxconn term, which Sotera claims is too broad and thus, too burdensome to review and produce.

Masimo argues that this search string is aimed to target relevant documents that would go towards establishing Foxconn's infringement, as well as Foxconn's relationship with Sotera. ECF No. 85 at 3. It argues that these emails from Mr. Chen are important given his position with both companies. *Id.* at 1-2, 10-12. Furthermore, Masimo argues that the hit counts are not too burdensome given the scope of this litigation. *Id.* at 4, 12.

Sotera counters that this search term is too broad, and searching for a term as broad as "Foxconn" is of minimal relevance in a patent litigation lawsuit. *Id.* at 4, 14-15. It argues that it would cost over $18,000 to review documents from just this one term, and this is burdensome in the broad scope of discovery because Masimo has propounded additional discovery, including other ESI terms that have generated significant hit counts as well. *Id.* at 4, 16.

While this is a primarily a patent litigation lawsuit, Masimo has asserted alter ego and agency claims against Foxconn. Masimo alleges that Foxconn has invested in Sotera in a manner suggesting that the two share a unity of interest and ownership. ECF No. 52 at ¶ 20. As examples, Masimo points to large investments in Sotera by Foxconn, resulting in a two-thirds equity stake in Sotera and two board seats. *Id.* at ¶¶ 20, 22. Masimo alleges that Foxconn exercises controlling authority over Sotera, for example by deploying its employees to work with Sotera in the United States and negotiating the terms of a potential sale of Sotera. *Id.* at ¶¶ 22-23. Masimo alleges that employees are shared between the two companies, including Mr. Chen and several other employees that served roles on both companies at the same time. *Id.* at 24-30. For many of these same reasons, Masimo also alleges that Sotera acts like an agent for Foxconn because Foxconn has effectively taken over day to day operations at Sotera. *Id.* at 38-52. Thus,

information regarding Foxconn and Sotera's relationship would be relevant to these claims.

Furthermore, this search term targets Mr. Chen's emails and he does appear to have had a significant role at the relevant time period before he resigned. Mr. Chen held several executive level positions at Foxconn before he was appointed to be CEO of Sotera from 2017 to mid-2020, even though he continue to reside in Taiwan. *Id.* at ¶ 24; ECF No. 85 at 10. Masimo alleges that Mr. Chen publicly stated that he was holding the simultaneous roles of "Chief Investment Officer, Healthcare Business Group" at Foxconn and "Chief Executive Officer" at Sotera between June 2017 and July 2018. ECF No. 52 at ¶ 24. Masimo alleges it had communications with Mr. Chen, where Mr. Chen represented that Foxconn had taken control of Sotera after it emerged from bankruptcy, had changed the Sotera management team, was eager to have a healthcare company and use Sotera technology in Taiwan, and had authority to resolve the trade secret dispute between Masimo and Sotera. *Id.* at ¶¶ 32-36. The term "Foxconn" has been used to represent Hon Hai as a registered trade name and on its corporate website and annual reports. ECF No. 85 at 11.

The Court does acknowledge that the search term including Foxconn is fairly broad. However, this must be balanced against the breadth of evidence that is relevant to and can be used towards establishing an alter ego or agency theory. Masimo is entitled to discovery that could go towards helping it establish these claims—claims which Sotera denies. *See* ECF No. 61 at ¶¶ 20-52. It does not appear that either party has presented any suggestion for how to tailor this term further. In the absence of further tailoring and in light of Mr. Chen's unique and central position, the Court finds that the balance tips in favor of production of these emails from Mr. Chen.

Accordingly, the Court will **GRANT** the motion to compel and compel Sotera to review and produce Mr. Chen's emails responsive to the search term, including Foxconn.

//

//

### III. CONCLUSION

For the reasons stated above, Masimo's motion to compel is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 16, 2020

Hon. Nita L. Stormes
United States Magistrate Judge