1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASIMO CORPORATION,

                                    Plaintiff,

v.

SOTERA WIRELESS; HON HAI
PRECISION INDUSTRY CO., LTD.,

                                    Defendants.

Case No.:  19cv1100-BAS (NLS)

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ISSUANCE OF
LETTER ROGATORY**

**[ECF No. 87]**

Before the Court is Plaintiff Masimo Corporation's motion for the Court to issue a letter rogatory to the judicial authority of Taiwan.  ECF No. 87.  Masimo seeks the letter to aid in obtaining deposition testimony from Francis Chen, who resides in Taipei, Taiwan, and was previously the CEO of Defendant Sotera Wireless and held other positions at Defendant Hon Hai Precision Industry Co., Ltd.  *Id.*

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action."  *Asis Internet Services v. Optin Global, Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) (*citing Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir. 1983).  The courts have inherent authority to issue letters rogatory.

See *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *Barnes and Noble, Inc. v. LSI Corp.*, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012);

Whether to issue such a letter is a matter of discretion for the court. *See Asis Internet Services*, 2007 WL 1880369, at *3. A court's decision whether to issue a letter rogatory "requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* Under Rule 28(b), a court will generally not weigh the evidence sought from the discovery request, nor will it attempt to predict whether that evidence will actually be obtained. *Barnes and Noble*, 2012 WL 19-8849, at *2. The court should apply the general discovery principles set out in Rule 26. *Id.* "Courts routinely issue letters rogatory where the movant makes a reasonable showing that the evidence sought may be material, or may lead to the discovery of material evidence." *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013). A party opposing the issuance of letters rogatory must show good cause for a court to deny the application. *Id.*

Here, the request to obtain testimony from Mr. Chen is not opposed by Defendants. However, because Mr. Chen is no longer their employee, they cannot produce him for deposition. ECF No. 87-1 at 5. Plaintiff states that its counsel has attempted to independently request Mr. Chen voluntarily provide testimony, but has not been successful. *Id.*; ECF No. 87-2 at ¶ 3. Mr. Chen had a long history with both Defendant companies and will likely have testimony relevant to this lawsuit. Plaintiff only requests four topics for deposition: (1) the functionality and design of the accused ViSi® Mobile Monitoring System; (2) the sales and marketing of the accused ViSi® Mobile Monitoring System; (3) the general business operations and organization of Sotera Wireless, Inc.; and (4) the relationship between Hon Hai Precision Industry Co. Ltd. and Sotera Wireless, Inc. including investments and support. Thus, on balance, the Court finds there is good cause to grant Plaintiff's request to issue the letter rogatory.

Accordingly, Plaintiff's Amended Motion for Issuance of Requests for International Judicial Assistance (Letters Rogatory) is **GRANTED**. The Court will issue

the letter of request attached as Exhibit 1 to this order. The Clerk of the Court is directed

to apply the seal of the Court to Exhibit 1 and issue the letter rogatory.

**IT IS SO ORDERED.**

Dated:  November 19, 2020

Hon. Nita L. Stormes
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12

13    IN THE UNITED STATES DISTRICT COURT

14    FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16   MASIMO CORPORATION, a            ) Case No. 3:19-cv-01100-BAS-NLS
     California corporation,          )
17                                    )
                                      ) **REQUEST FOR**
18            Plaintiff,              ) **INTERNATIONAL JUDICIAL**
                                      ) **ASSISTANCE**
19        v.                          ) **(LETTER ROGATORY)**
                                      )
20   SOTERA WIRELESS, INC., a         )
     California corporation,          )
21                                    )
     HON HAI PRECISION INDUSTRY       )
22   CO., LTD., a Taiwan corporation, )
                                      )
23            Defendants.             )

24
25
26
27
28

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN:**

The United States District Court for the Southern District of California, United States of America, presents its greetings and compliments to the Appropriate Judicial Authority of Taiwan, and respectfully requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

## I.  REQUEST

This Court respectfully requests the judicial assistance described herein as necessary in the interests of justice.  This Court requests assistance to obtain oral testimony of Francis Chen.  It has been represented to this Court that Mr. Chen can presently be served at the following address:

Francis Chen

6F., No. 2, Ln. 80, Sanmin Rd., Songshan Dist., Taipei City 105, Taiwan

(R.O.C.)

The Court requests that the Appropriate Judicial Authority of Taiwan compel Mr. Chen to provide testimony as to the topics set forth in Exhibit A to this Request.  With respect to the methods and procedures to be followed in connection with the requested deposition, the Court respectfully requests that, to the extent possible under Taiwan law: (a) an appropriate judicial officer of Taiwan direct that Mr. Chen be duly sworn in accordance with the applicable laws and procedures of Taiwan; (b) the examination be conducted orally; (c) the parties' legal representatives, their interpreters, and a stenographer be permitted to be present during the examination; and (d) the stenographer be permitted to record verbatim the examination, and a full transcript of the examination be made at the time of the examination and translated as necessary through a qualified interpreter.

The Court understands that the information requested may be of a confidential nature.  As such, there is a protective order in this case to protect the

confidentiality of any responses to questions.  A copy of the protective order is attached hereto as Exhibit B.

## II.  FACTS OF THE CASE

The case pending before this Court is an action for patent infringement. Plaintiff Masimo Corporation ("Masimo") filed this case in June 2019 against Defendants Sotera Wireless, Inc. ("Sotera") and Hon Hai Precision Industry Co. Ltd. ("Hon Hai" or "Foxconn").  Masimo seeks a judgment that Defendants infringe U.S. Patent Nos. 9,788,735; 9,795,300; 9,872,623; 10,213,108; and 10,255,994; and U.S. Reissue Patent Nos. RE47,218; RE47,244; RE47,249; and RE47,353.  Masimo's infringement allegation involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of the ViSi® Mobile Monitoring System, which is a platform for patient vital signs monitoring, including pulse oximetry, pulse rate, and respiration rate.  Masimo seeks an award of damages from Defendants to compensate for the alleged infringement, and other relief.

Mr. Chen has been employed as Chief Executive Officer of Defendant Sotera from June 2017 until well into 2020.  Before joining Sotera, Mr. Chen held high-level positions at Defendant Hon Hai.  Hon Hai and its founder appointed Mr. Chen to lead Sotera after Hon Hai had taken over control of Sotera as it emerged from bankruptcy.  Mr. Chen has knowledge of the accused ViSi® Mobile Monitoring System, including its sales and marketing.  Mr. Chen also has knowledge of the general business operations and organization of Sotera.  Mr. Chen also has information regarding Hon Hai's control of Sotera.

## III.  EVIDENCE

The evidence to be taken is the testimony of Mr. Chen.  The deposition topics to which Mr. Chen's testimony is requested are set forth in Exhibit A.

## IV.  RECIPROCITY

In appreciation for the assistance provided to the Court by the Appropriate

Judicial Authority of Taiwan, this Court stands ready and is willing to provide similar assistance to the Appropriate Judicial Authority of Taiwan when necessary.  *See* 28 U.S.C. § 1782.

### V.  **REIMBURSEMENT FOR COSTS**

Plaintiff Masimo's legal representative, Knobbe, Martens, Olson & Bear, LLP, stands ready and willing to reimburse the Appropriate Judicial Authority of Taiwan for all costs incurred in executing this request for judicial assistance.

Dated:  November 19, 2020

Hon. Nita L. Stormes
United States Magistrate Judge

By: _____
JOHN MORRILL, Clerk of Court

# EXHIBIT A

## DEPOSITION TOPICS

1.   The functionality and design of the accused ViSi® Mobile Monitoring System.

2.   The sales and marketing of the accused ViSi® Mobile Monitoring System.

3.   The general business operations and organization of Sotera Wireless, Inc.

4.   The relationship between Hon Hai Precision Industry Co. Ltd. and Sotera Wireless, Inc. including investments and support.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION, | Case No.:  19cv1100-BAS (NLS) |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER <u>AS MODIFIED BY THE COURT</u>** |
| v. | |
| SOTERA WIRELESS, INC.; HON HAI PRECISION INDUSTRY CO., LTD., | **[ECF No. 35]** |
| Defendants. | |

The Court having read the parties' Joint Motion for Entry of Protective Order (ECF No. 35), finding no objection and good cause appearing,

**IT IS HEREBY ORDERED** that this motion is **GRANTED**.  The following Protective Order is entered, <u>as modified by the Court</u> (*see* paragraphs 13 and 28).

## <u>PROTECTIVE ORDER</u>

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price,

marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1.     The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.     The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Knobbe, Martens, Olson & Bear, LLP, Husch Blackwell LLP, Procopio, Cory, Hargreaves & Savitch LLP and ScienBiziP, P.C.

GENERAL RULES

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the

producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

c.     Designation as "RESTRICTED CONFIDENTIAL – SOURCE CODE": Any party may designate information as "RESTRICTED CONFIDENTIAL – SOURCE CODE" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL", "CONFIDENTIAL FOR COUNSEL ONLY", or "RESTRICTED CONFIDENTIAL – SOURCE CODE" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this

litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to any objection of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name, current and prior employers, all persons or entities from whom the independent expert has received compensation or funding for work in his or her area(s) of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years, list of current research areas in the fields of pulse oximetry, medical alarm processing, wearable medical devices, and medical data analytics, a curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.      Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a)      Executives who are required to participate in policy decisions with

reference to this action;

    b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c)    Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to material designated "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, the Court, court personnel, and stenographic and clerical employees associated with counsel or the court may be shown the same.

11.    All information which has been designated as "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

13.     At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. **Such objection on designation of any Confidential Information shall be raised in writing within 30 days of the challenging party's receipt of the materials at issue. If the dispute is not resolved consensually between the parties within 7 days of receipt of such written notice, the parties shall file a joint motion for determination of discovery dispute (the "Designation Motion"), as outlined in this Court's Chambers Rules, no later than 45 days after the challenging party's receipt of the designated material in issue.** The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.     No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.     If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or

thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL," "CONFIDENTIAL - FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" - SUBJECT TO PROTECTIVE ORDER.

17.   For material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer provided with Bates-labeled paper for printing, solely for the limited purposes permitted pursuant to 17(g)-(i). Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel within the Southern District of California. Notwithstanding the foregoing, a producing Party may request an exemption from the receiving Party to the requirement that the stand-alone computer(s) be located at the offices of the producing Party's outside counsel within the Southern District of California, if a location outside of the Southern District of California but within the United States of America is more convenient and/or economical for the producing Party.  The receiving party will negotiate in good faith with the producing Party regarding the exemption, however absent and agreement, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel within the Southern

District of California;

b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00am through 6:00pm (local time in the time zone where the stand-alone computer(s) are located). The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The receiving Party shall be permitted to take notes; any notes taken during inspection of source code or based upon inspection of source code, must be marked "RESTRICTED CONFIDENTIAL - SOURCE CODE" and shall be treated as RESTRICTED CONFIDENTIAL - SOURCE CODE under the terms of this Order.

e) The producing Party shall install tools that are sufficient for viewing and searching the source code produced, on the platform produced. At a minimum, these tools must provide the ability to (1) view, search, and line-number any source file and (2) search for a given pattern of text through a number of files. The receiving Party, at its own expense, may request that the producing Party install additional software-inspection tools on the stand-alone computer(s) to analyze the producing Party's

Case 3:19-cv-01100-BAS-NLS   Document 98   Filed 11/28/20   PageID.2385   Page 10 of 25

Source Code Material. The receiving Party must provide the producing Party with such software tool(s) and any necessary licenses at least five (5) days in advance of the date upon which the receiving Party wishes to have the additional software available for use on the stand-alone computer. Timely requests for the installation of such additional software will not be unreasonably denied so long as the requested software is compatible with the operating system of the stand-alone computer and other software necessary to make the Source Code Material available for inspection;

f)  To the extent portions of Source Code Material are quoted in a document containing source code (a "Source Code document"), either (1) the entire Source Code document will be stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE;

g)  In no event may the receiving Party request printing of more than 15 consecutive pages and more than 200 pages of information in aggregate during the duration of the case without prior agreement from the producing Party or further order of the Court. If the receiving Party requires the printing of additional pages of source code beyond the limits stated herein, the parties agree to negotiate in good faith to determine the extent of any modification of these limits. The receiving Party should provide the producing Party with specific identification of the Source Code Material it requests to be printed.  Printing of directory paths or structures and file names shall not count toward the consecutive or aggregate page count listed in this section.

h)  The receiving Party shall only request printing of those limited portions of the Source Code Material specifically necessary for a case activity

Case 3:19-cv-01100-BAS-NLS Document 98 Filed 11/28/20 PageID.2366 Page 20 of 25

(e.g., as evidence for trial or an exhibit for an expert's report). Counsel for the producing Party will keep the originals of all printed Source Code Material. Producing Party will produce a Bates-numbered copy of the originals of all printed Source Code Material to receiving Party within ten (10) business days of the request for printing. The Parties will cooperate in good faith if a different timeframe for production is required;

i)  The producing Party shall print every page of Source Code Material in 12 point font and with information necessary to later identify that Source Code Material, such as, but not limited to, a header or footer, that identifies the file name and directory path;

j)  If the receiving Party's outside counsel, consultants, or experts obtain the printout or photocopy of the Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printout or photocopy in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving party may also temporarily keep the printouts or photocopies in a secure manner at (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

k)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized above, on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet,

1    or the Internet.

2    18.    After the adoption of this provision by the parties, Outside Counsel,

3    representing a Party and any person associated with a Party, who receive a producing

4    Party's Protected Material designated "CONFIDENTIAL," "CONFIDENTIAL – FOR

5    COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" under this

6    Protective Order, and who accesses or otherwise learns of, in whole or in part, said

7    Protected Material designated "CONFIDENTIAL," "CONFIDENTIAL – FOR

8    COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" under this

9    Protective Order shall not prepare, prosecute, supervise, advise, counsel, or assist in the

10   preparation or prosecution of any patent application seeking a patent on behalf of the

11   receiving Party or its acquirer, successor, or predecessor in the field of pulse oximetry,

12   medical alarm processing, wearable medical devices, and medical data analytics during the

13   pendency of this Action and for two years after final termination of this action. To avoid

14   any doubt, "prosecution" as used in this paragraph does not include representing or

15   advising a Party before a domestic or foreign agency in connection with a reissue protest,

16   ex parte reexamination, covered business method review, or inter partes review; though in

17   connection with any such reissue protest, ex parte reexamination, covered business method

18   review, or inter partes review involving the patents-in-suit, Outside Counsel for a receiving

19   Party shall not: (i) participate in the preparation, prosecution, supervision, advice, counsel,

20   or assistance of any amended claims; (ii) reveal a producing Party's Protected Material to

21   any prosecuting reexamination counsel or agent; or (iii) use a producing Party's Protected

22   Material for any purpose other than this litigation. The applicability of this provision is to

23   be determined on an individual-by-individual basis such that an individual attorney who

24   has not received Protected Material designated "CONFIDENTIAL," "CONFIDENTIAL –

25   FOR COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" is

26   not restricted from undertaking any activities by virtue of this provision even if said

27   individual attorney is employed by or works for the same firm or organization as an

28   individual who has received such Protected Material.

19cv1100-BAS (NLS)

19. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential

information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25.    The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

26.    Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27.    This Order may be modified by agreement of the parties, subject to approval by the Court.

28.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, for public policy reasons, or on its own order at any time in these proceedings.

**IT IS SO ORDERED.**

Dated:  November 26, 2019

Hon. Nita L. Stormes
United States Magistrate Judge

14

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION, a California corporation, | Case No. 3:19-cv-01100-BAS-NLS |
| Plaintiff, | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND – EXHIBIT A** |
| v. | |
| SOTERA WIRELESS, a California corporation, | |
| HON HAI PRECISION INDUSTRY CO., LTD., a Taiwan corporation, | |
| Defendants. | |

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the above-captioned case. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

/ / /

/ / /

/ / /

/ / /

19cv1100-BAS (NLS)

1   I further agree to submit to the jurisdiction of the United States District Court for the

2   Southern District of California for the purpose of enforcing the terms of this Protective

3   Order, even if such enforcement proceedings occur after termination of this action.

4

5   Date: _____

6

7   Printed name: _____

8                          [printed name]

9

10

11  Signature: _____

12                          [signature]

19cv1100-BAS (NLS)