UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SOTERA WIRELESS; HON HAI PRECISION INDUSTRY CO., LTD.,<br><br>　　　　　　　　　　Defendants. | Case No. 19-cv-01100-BAS-NLS<br><br>**ORDER GRANTING DEFENDANT SOTERA WIRELESS'S MOTION TO STAY**<br><br>**(ECF No. 48)** |

Before the Court is Defendant Sotera Wireless's ("Sotera") Motion to Stay Proceedings ("Stay Motion" or "Motion"). (ECF No. 48.) Sotera seeks a stay in light of its filings of nine petitions for inter partes review ("IPR") with the Patent and Trial Appeal Board ("PTAB") for each of the nine patents asserted by Masimo in this litigation. Masimo opposes and Sotera replies. (ECF Nos. 51, 58.) The Court finds the Motion suitable for determination without oral argument. *See* CivL.R. 7.1(d)(1). For the foregoing reasons, the Court **GRANTS** Sotera's Motion.

**I.　BACKGROUND**

　　**A.　History of This Action**

Plaintiff Masimo Corporation ("Masimo") filed this patent infringement action on June 12, 2019 against Defendants Sotera and Hon Hai Precision Industry Co. Ltd. ("Hon Hai") (collectively, "Defendants"). (ECF No. 1.) The suit involves nine patents and 94 asserted claims, of which 80 claim terms are in dispute. (Stay Mot. at 7.)

Sotera filed the instant Motion to Stay on May 20, 2020. (ECF Nos. 48.)[1] Between May 8, 2020 and June 13, 2020, Sotera filed petitions for IPR on all nine asserted patents with the PTAB. (Stay Mot. at 9.) As of the date of this Order, the PTAB has instituted IPR on eight of the patents asserted in this litigation and denied IPR as to one. (*See* ECF No. 102; *see also* ECF Nos. 91, 92, 94–96, 98.) The last IPR institution was granted on December 7, 2020. (ECF No. 102.)

### B.     Overview of IPR

The IPR procedure was created "to create a timely, cost-effective alternative to litigation." Changes to Implement IPR Proceedings, Post–Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.); *see also* 35 U.S.C. §§ 311–319. The procedure is designed, in part, "to minimize duplicative efforts by increasing coordination between district court litigation and inter partes review." 77 Fed. Reg. at 48,721.

IPR allows a party other than the patentee to bring an adversarial proceeding in the PTO to establish that the patent claims are invalid under 35 U.S.C. §§ 102 or 103. 35 U.S.C. § 311. IPR is adjudicative and conducted before a panel of three technically trained Administrative Patent Judges of the PTAB. 35 U.S.C. § 6. The parties can conduct discovery and have the right to an oral hearing. 35 U.S.C. § 316(a)(5), (8), (10), and (13). The petitioner need only prove invalidity by a preponderance of the evidence. 35 U.S.C. § 316(e). The parties may also settle. 35 U.S.C. § 317. PTAB decisions are appealed directly to the Federal Circuit. 35 U.S.C. § 319; 35 U.S.C. § 141(c).

The PTO will grant a request for IPR if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). If the PTO grants review, a final determination must be

---

[1] The Court previously granted Hon Hai's Motion to Dismiss the Complaint, after which Masimo filed a First Amended Complaint ("FAC"). (ECF Nos. 46, 52.) Hon Hai moved to dismiss the FAC, which was granted in part. (ECF Nos. 62, 103.) Masimo has since filed an SAC. (ECF No. 106.) Sotera filed an answer to the SAC and Hon Hai has once again filed a Motion to Dismiss, which is pending before the Court. (ECF Nos. 107, 111.)

issued "not later than 1 year" after the petition is granted. 35 U.S.C. § 316(a)(11). "If the PTAB finds that a claim is unpatentable, and the patent holder fails to file a timely appeal or the appeal is unsuccessful, then the PTO is required to issue a certificate cancelling the claim, and the patent holder may no longer assert that claim in litigation or otherwise." *In re Papst Licensing GmbH & Co. KG Patent Litig.*, 320 F. Supp. 3d 132, 134 (D.D.C. 2018) (citing 35 U.S.C. § 318(b)).  But if the claim survives IPR in a final written decision, the petitioner is estopped from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

## II.   LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). Courts apply the same framework to motions to stay pending IPR used for motions to stay pending patent reexamination, which includes consideration of the following factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (quotations omitted). However, "[t]he inquiry is not limited to these three factors" because "the totality of the circumstances governs." *Id.* (quotations omitted).

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.*, No. SACV 09–0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quotations omitted). But "[c]ourts are not required to stay judicial proceedings pending re-examination of a patent." *Id.* at *6 (quoting *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C 06–2252 SBA, 2007 WL 627920, at *1 (N.D.

Cal. Feb. 26, 2007)). Nevertheless, courts have "recognized a liberal policy in favor of granting motions to stay pending IPR." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (internal citation and quotation marks omitted).

### III. ANALYSIS

#### A. Stage of Proceedings

Regarding the first factor, the facts of this case cut both ways. While discovery is ongoing—indeed, the parties have had several discovery disputes over electronically-stored information—the fact discovery deadline is next month. (ECF No. 84.) The deadline for substantial completion of document discovery was December 11, 2020, and trial has been set for November 30, 2021. (*Id.*)

However, although the parties have submitted claim construction briefs, the Court vacated the Markman hearing due to the pending Stay Motion (ECF No. 81) and, consequently, no disputed claim terms have been construed by this Court. Moreover, the case has not fully progressed past the pleadings stage due to several motions to dismiss filed by Sotera's parent company and co-defendant, Hon Hai. (ECF Nos. 17, 62, 111.) There is also an ongoing dispute over the number of claims at issue in this case. (ECF No. 71.)

Considering these circumstances, the Court finds that this case is still "early" enough in its stages to militate in favor of a stay. First, the fact that the Markman hearing has not yet occurred weighs in favor of a stay. *See SCA Hygiene Prod. Aktiebolag ("AB") v. Tarzana Enterprises, LLC*, No. CV 17-04395 AB (JPRx), 2017 WL 5952166, at *4 (C.D. Cal. Sept. 27, 2017) ("Although both parties have likely already spent significant time on their claim construction briefs, 'further resources are yet to be expended by the parties and the Court in preparing for and conducting the hearing.'"); *Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc.*, No. No. EDCV 14-01153-VAP (SPx), 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (finding a stay appropriate where fact discovery was not yet complete and the parties had submitted claim construction briefs, but the Markman hearing

had not yet occurred); *see also Universal Elecs.*, 943 F. Supp. 2d at 1032 ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.").

Second, considering that the PTAB has granted IPR, discovery has not yet concluded, and this case has not yet entered the summary judgment stage, the case has not surpassed a point at which a stay would be inexpedient. *See TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12CV2777-GPC BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014) (granting stay pending IPR although "the case [was] not in its early stages," parties were "in the midst of discovery," and claim construction briefs were filed, because a "significant amount of work still remains such as expert discovery, summary judgment motions and trial").

Lastly, the Court cannot disregard the continued impact of the COVID-19 pandemic on the ability of counsel and this Court to pursue an expeditious resolution of this case. (*See* ECF Nos. 43, 76.) Even after regular court proceedings resume, trial in this and other civil cases may be further postponed because of the priority that will necessarily be given to criminal trials. *See DivX, LLC v. Netflix, Inc.*, No. CV 19-1602 PSG (DFMx), 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020) ("The coronavirus pandemic is also a relevant consideration under this factor.")

Thus, the Court finds that the stage of the proceedings weighs in favor of a stay.

### B.     Simplification of Issues in Question

"A stay will always simplify the issues in the litigation to some extent." *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005). "Some of the advantages of a stay include the fact that the record of the reexamination may be entered at trial[;] that the PTO's expertise will govern[,] thus simplifying the case; that evidentiary and other issues will be further narrowed following a reexamination; and that costs will be reduced." *Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter, Inc.*, No. SACV 09-951 DOC (ANx), 2011 WL 1810961, at * 2 (C.D. Cal. May 12, 2011). The possibility of simplification "is particularly true where . . . a party has requested reexamination of each of the patents-in-suit." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST

(JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012). "[T]he question is merely whether the issues will be simplified, and not whether the entire case will be resolved." *Milwaukee Elec. Tool Corp. v. Hilti*, 138 F. Supp. 3d at 1038, 1039 (E.D. Wis. 2015) (citation omitted).

Since Sotera filed its Stay Motion, the PTAB has instituted review on eight out of nine patents at issue in this case. Generally, the institution of review is a "crucial consideration" in the evaluation of this factor. *Zomm, LLC*, 391 F. Supp. 3d at 957 (finding "a real possibility that IPR will simplify the case" where PTAB instituted review of 2 of 12 patents in dispute). Here, even if not all claims before this Court can be addressed through IPR (*see* Reply at 10–11), Sotera represents that all claims on eight of the nine patents are subject to IPR. (ECF Nos. 91, 92, 94–96, 98, 102.) Thus, the overwhelmingly greater part of the claims in this litigation will be addressed by the PTAB. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–CV–02168–EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending inter partes reexamination in part because defendant's request for reexamination included all claims at issue in the litigation).

Even if the PTAB's decisions were ultimately appealed, determinations by the Federal Circuit can also provide guidance and simplify issues. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2015 WL 2248437, at *1 (W.D. Wis. May 13, 2015). Moreover, the Court is aware that concurrent proceedings in this venue and before the PTAB could lead to inconsistent results and prove a wasteful use of the limited time and resources of both the parties and the adjudicators. *See id.*

Given the PTAB has granted IPR of the vast majority of claims, the Court finds it very likely that the issues in this case will be substantially simplified if the case is stayed pending this review. Therefore, the Court finds that this factor favors Sotera's request for a stay of this litigation.

### C. Undue Prejudice or Clear Tactical Advantage

With respect to the third factor, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal*

*Elecs.*, 943 F. Supp. 2d at 1033. "Delay in litigation by itself does not establish undue prejudice." *Carl Zeiss v. Nikon Corp.*, No. 2:17-cv-07083-RGK-MRW, 2018 WL 5081479, at *3 (C.D. Cal. Oct. 16, 2018). "When the parties are business competitors, however, and the plaintiff may lose customers if the case does not proceed, this may result in prejudice." *Id.* "[C]ourts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. Such tactics include seeking reexamination on the eve of trial or after protracted discovery." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) (internal citations and quotation marks omitted).

The Northern District of California has adopted a set of four sub-factors to assist in making this assessment: "(1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties." *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, Case No. 13-cv-02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013) (quoting *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508 (D. Del. 2012)) (internal quotation marks omitted). The Court finds these factors instructive and addresses each below.

### 1. Timing of IPR petitions

First, Masimo argues that Sotera's filing of the IPR petitions close to the one-year statutory deadline is indicative of prejudicial delay. (Opp'n at 5.) However, "[d]elay alone does not usually constitute undue prejudice, because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." *Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-CV-700 JLS (NLS), 2016 WL 5107678, at *4 (S.D. Cal. Mar. 29, 2016) (quoting *Asetek*, 2014 WL 1350813, at *4). Because Sotera was statutorily entitled to file its IPR petitions at any point within the one-year limitations period, the Court does not find that its decision to do so at the close of that period demonstrates undue delay. *See Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. C 13-4034 SBA, 2014 WL 5477795, at *3 (N.D. Cal. Oct. 29, 2014) (holding that the fact that the defendant filed its IPR petitioners "so close to the end of [the one-year]

period does not demonstrate undue delay"); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."). For this reason, the Court concludes that this subfactor does not reflect any undue prejudice against Masimo.

### 2. The timing of the Stay Motion

Sotera brought the instant Motion in May 2020, before the statutory deadline to file its IPR petitions. Masimo agrees that there was no delay. (Opp'n at 7.) The timing of the Stay Motion therefore also does not support a finding of undue prejudice.

### 3. The status of the IPR proceedings

As stated above, since the Stay Motion was filed and briefed, the PTAB has instituted IPR on eight of the nine patents at issue in this action. Consistent with the conclusion in Section III.B, *supra*, the institution of IPR weighs considerably in favor of a stay.

### 4. The relationship between the parties

Masimo contends that it would be unduly prejudiced by a stay because Sotera and Masimo are direct competitors. (Opp'n at 9.) In support, Masimo cites to evidence of Sotera's increased competitive activity, including its group purchasing agreement with a "healthcare improvement company" called Premier, Inc., which, Masimo argues, will enable Sotera "to compete with Masimo for business in thousands of hospitals." (*Id.*) The agreement explicitly includes Premier's ability to purchase the accused product at special prices and pre-negotiated terms. (*See* Ex. 2 to Decl. of Brian C. Claassen in supp. of Opp'n, ECF No. 51-2.)

"Courts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise." *Asetek*, 2014 WL 1350813, at *5. When the parties directly compete against each other for market share, infringement causes "harm in the marketplace that is not compensable by readily calculable money

damages." *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10–CV–02863–EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011). Staying a case while such harm is ongoing can prejudice a patent owner "that seeks timely enforcement of its right to exclude." *Id.* Some courts require "evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015); *see also Garmin Switzerland GmbH v. FLIR Sys., Inc.*, No. 3:17-CV-01147-SB, 2017 WL 6453346, at *5 (D. Or. Dec. 18, 2017) ("In evaluating claims that direct competition will result in prejudice from a stay, courts require evidence.") (quotations omitted).

The Court acknowledges that Sotera's purchase agreement with Premier supports that some undue prejudice may result from a stay. However, several other facts diminish the force of this argument. First, as pointed out by Sotera and not disputed by Masimo, the accused product has been on the market since 2013; Masimo did not bring suit until 2019. *See Finjan, Inc.*, 139 F. Supp. 3d at 1037 (finding little prejudice where "many of the products [the plaintiff] asserts infringe were put on the market even before" the first patent infringement lawsuit was filed); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014).

Second, Sotera presents evidence that there are multiple competitors in this market, limiting the danger of loss of market share. *Id.* at *2; *see Air Vent, Inc. v. Owens Corning Corp.*, No. 10–1699–TFM, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012) ("[T]he fact that there are other competitors in the market undermines [the plaintiff's] assertion of undue prejudice because of loss of market value."). Sotera's Chief Science Officer, Devin McCombie, attests that Sotera is one of at least 11 competitors in the market for mobile patient monitoring devices, and among these, is relatively small. (Decl. of Devin McCombie in supp. of Reply ¶¶ 3–4, ECF No. 58-1.) In addition, Masimo's failure to seek a preliminary injunction cuts against arguments that undue prejudice will result from direct competition. *See Neste Oil Oyj v. Dynamic Fuels, LLC*, No. CIV.A. 12-662-GMS, 2013 WL 424754, at *3 (D. Del. Jan. 31, 2013) ("Where the question of 'direct competition'

remains unanswered, courts have sometimes considered whether the plaintiff sought a preliminary injunction.") (citing cases).

Third, Masimo states that staying the case will cause undue prejudice because trial will very likely be pushed past March 2022, after which four of the nine patents expire, thus precluding injunctive relief. (Opp'n at 10.) However, the Court again notes that despite its representations about the necessity of injunctive relief, Masimo did not pursue a preliminary injunction. *See VirtualAgility*, 759 F.3d at 1319 ("[T]he fact that it was not worth the expense to ask for [a preliminary injunction] contradicts [the plaintiff's] assertion that it needs injunctive relief as soon as possible.").

Lastly, Masimo raises the possibility that Sotera will not be able to pay any monetary damages owed because it is "reeling from financial problems" and has received monetary infusions, suggesting it may not be viable in the longer-term. (Opp'n at 11.) However, the Court agrees with Sotera that Hon Hai's substantial investment in the wake of Sotera's bankruptcy corroborates its ability, rather than its inability, to pay monetary damages. *See Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, No. CV 17-374-LPS, 2018 WL 5109836, at *4 (D. Del. Oct. 18, 2018) ("[T]he corporate structure is designed to accelerate the provision of cash to [the defendant] (which should make it easier, not harder, to recover damages from [the defendant], were it found to be monetarily liable).").

In sum, the Court finds that a stay until IPR is complete will not unduly prejudice Masimo or present a clear tactical advantage to Sotera. *See Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *2 (N.D. Ill. Oct. 1, 2013) (finding the one-year IPR duration "compare[d] favorably to the average duration of over thirty[-]seven months of the old reexamination proceedings"). Even if Masimo suffers some irreparable harm in the form of loss of market share, Masimo's "failure to seek preliminary injunctive relief undercut [its] argument that [it] cannot be made whole by monetary damages." *See Blast Motion, Inc.*, 2016 WL 5107678, at *6. Masimo also has not persuasively demonstrated that either or both Defendants will be unable to monetarily compensate Masimo if any infringement is ultimately proven.

Overall, even assuming some degree of undue prejudice, the Court concludes that the totality of the circumstances in this case—including the fact that IPR has already been instituted for eight of the patents—makes a stay both "efficient for [the Court's] own docket and the fairest course for the parties[.]" *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Universal Elecs.*, 943 F. Supp. 2d at 1035 ("Another consideration is the Court's ability to control its docket to ensure that cases are managed in the interest of justice.").

## IV. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** Sotera's Motion to Stay (ECF No. 48) and **STAYS** this action pending the conclusion of IPR before the PTAB. Within fourteen days of the PTAB rendering its final decision on Sotera's IPR petitions, the parties shall file a joint status report identifying the claims remaining for judicial review in light of the PTAB's decisions and notifying the Court if either party seeks to appeal.

Further, the pending motions (ECF Nos. 71, 99, 100, 104, 109, and 111) are **TERMINATED**. The Court will reinstate the motions when the stay is lifted.

Finally, the Court directs the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case. The decision to administratively close this case pending resolution of the arbitration does not have any jurisdictional effect. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[A] district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing. An order administratively closing a case is a docket management tool that has no jurisdictional effect.").

**IT IS SO ORDERED.**

**DATED: January 29, 2021**

Hon. Cynthia Bashant
United States District Judge